JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PAMELA CARTER, DEBORAH MARTIN, CHRISTINE MORALES, STANLEY CARAKER, STANLEY NICKS, MICHAELA VECHT, BERT SCHORLING, JEANETTE BREITEN, RAYMOND BACHAR, KATHERINE MITCHELL, STEPHANIE CASTRO, BRUCE HINSLEY, ARLENE POUNDS, individually and as Representatives of the Participants and Beneficiaries of the Fleet Card Fuels Employees Stock Ownership Plan, <br><br> Plaintiffs, <br><br> vs. <br><br> SAN PASQUAL FIDUCIARY TRUST COMPANY; FLEET CARD FUELS; WILLIAM DAVIES; RICHARD DAVIES; STRATEGIC EQUITY GROUP; CHRISTOPHER KRAMER; SHORELINE CAPITAL, INC.; EDGEWATER CAPITAL, LLC, <br><br> Defendants. | Case No. SACV 15-1507 JVS (JCGx) <br><br> **FINAL JUDGMENT** <br><br> Judge: Hon. James V. Selna |

IT IS on this 28th day February, 2018, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The Settlement of Pamela Carter, et al. v. San Pasqual, et al., United States District Court, Central District of California, Southern Division, Case No. 8:15-CV-1507 (the "Action"), on the terms set forth in the Parties' Stipulation of Settlement, with exhibits (collectively, the "Agreement"), and definitions included therein, signed and filed with this Court on July 20, 2017 (Dkt # 113), is finally approved.

2. The following class is granted final certification, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3): all persons who were participants in the Fleet Card Fuels Employee Stock Ownership Plan (the "ESOP") as of September 28, 2012. Excluded from the class are the defendants in this action and their affiliates; the officers and directors of any Defendant or of any entity in which a Defendant has a controlling interest; and the legal representatives, successors, and assigns of any such excluded persons. No class members have been excluded given that none submitted timely and valid requests for exclusion from the Class. .

3. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of

the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. The claims in the Action are dismissed with prejudice pursuant to the terms set forth in the Parties' Agreement and in the Court's Final Approval Order, without costs to any party except as provided in these Final Orders.

5. The Representative Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with the Representative Plaintiffs or Class Members (other than those who submit valid and timely Exclusion Forms) are hereby permanently barred and enjoined from: (a) filing, commencing, or prosecuting any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of the Representative Plaintiffs or Class Members, seeking to certify a class that includes the Representative Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

6. Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

7. The Representative Plaintiffs and Class Members shall be paid the Net Settlement Amount of $338,534. This amount shall be disbursed by the settlement administrator pursuant to the terms of the Agreement.

8. Class Counsel shall be awarded reasonable attorneys' fees in an amount not to exceed one-third (33 1/3 %) of the Gross Settlement Amount (i.e., not to exceed One Hundred Eighty Seven Thousand Five Hundred Dollars ($187,500) in costs, which amount is approved as fair and reasonable, in accordance with the terms of the Agreement.

9. Class Counsel shall be awarded reasonable litigation costs in an amount not to exceed Fifteen Thosuand Eight Hundred Fifty Nine Dollars ($15,859), which amount is approved as fair and reasonable, in accordance with the terms of the Agreement.

10. Plaintiffs Pamela Carter, Deborah Martin, Christine Morales, Stanley Caraker, Stanley Nicks, Michaela Vecht, Bert Schorling, Jeanette Breiten, Katherine Mitchell, Stephanie Castro, Arlene Pounds Jose Gurrola, Aaron Straw, and Eldon Ross shall each be awarded Five Hundred Dollars ($500) as service payments in their capacities as representatives of the Plaintiff Class in the Action.

11. Plaintiffs Bruce Hinsely and Raymond Bachar, shall each be awarded One Thousand Five Hundred Dollars $1,500, as a service payment in their capacity as representative Plaintiffs in the Action.

12. The Settlement Administrator shall be awarded the reasonable costs of the Settlement Administrator in administering the Settlement, not to exceed Ten Thousand Six Hundred Seven Dollars ($10,607). .

13. The Court will retain continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Approval Order, and any other orders related to completing the settlement. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of the Final Approval Order and this Final Judgment, and for any other necessary

purpose. See *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 U.S. 375, 381-82.

Dated: February 28, 2018

                                        Hon. James V. Selna
                                        UNITED STATES DISTRICT JUDGE

**Exhibit A** – List of Persons Who Requested Exclusion